**BALAZS et al. v. BRANNAN, Secretary of Agriculture, et al.**

**Civ. A. No. 25208.**

United States District Court
N. D. Ohio, Eastern Division.

Sept. 29, 1949.

See also D.C., 77 F.Supp. 612.

Paul W. Walter, Cleveland, Ohio, Loyal V. Buescher, Cleveland, Ohio, for plaintiffs.

Don C. Miller, U. S. District Attorney, Cleveland, Ohio, J. Stephen Doyle, Jr., Special Ass't Att'y Gen'l, for defendants.

FREED, District Judge.

This is an action to review a ruling by the Judicial Officer, acting for the Secretary of Agriculture, on September 15, 1947 dismissing the petitions of plaintiffs requesting that Milk Marketing Order No. 75 be declared invalid or be modified in certain respects. The petitions had been filed pursuant to § 8c(15) (A) of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 608c(15) (A), which provides that the ruling of the Judicial Officer "shall be final, if in accordance with law." The present proceeding, filed under 7 U.S. C.A. § 608c(15) (B), is brought to determine if the ruling is "in accordance with law".

Order No. 75, regulating the price paid to milk producers in the Cleveland, Ohio marketing area, was issued by the Secre-

tary of Agriculture on July 26, 1946, 7 C.F.R. 1946 Supp. 975, after compliance with statutory procedure of notice, hearing, etc. The Order is in substance of the type described in U. S. v. Rock Royal Cooperative, Inc., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446, in which the validity of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq. was upheld.

Plaintiffs are "handlers" of milk in the Cleveland area and are subject to the provisions of Order No. 75. Their attack on Order No. 75 centers around the question whether the milk regulated thereunder is "in the current of interstate or foreign commerce, or which directly burdens, obstructs, or affects, interstate or foreign commerce" within the meaning of 7 U.S.C.A. § 608c(1). Other questions were suggested by the complaint but have not been pressed.

■ Plaintiffs contend that the amount of milk in interstate commerce is so small in comparison to the total amount of milk regulated that the Order is an exercise of power not authorized by the Act; or if the Act be construed to authorize the Order, then, plaintiffs assert, the Act so construed is unconstitutional. In U. S. v. Wrightwood Dairy Co., 315 U.S. 110, at page 125, 62 S.Ct. 523, 529, 86 L.Ed. 726, it was said:

"We think it clear that Congress, by the provisions of § 8c(1) conferred upon the Secretary authority to regulate the handling of intrastate products which by reason of its competition with the handling of the interstate milk so affects that commerce as substantially to interfere with its regulation by Congress * * *." Thus, plaintiffs are remitted to a constitutional not a statutory argument.

Plaintiffs concede that in the last full year before issuance of the Order one-half of one per cent of the receipts of milk in the marketing area came from out-of-state sources. The defendant asserts that this figure is at least seven-tenths of one per cent and also insists that shipments of "other source milk", which are not priced by the Order, should be considered in resolving the constitutional issue. Plaintiffs dispute this. They also argue that the Judicial Officer's findings of substantial shipments of Ohio milk and milk products into other states, of substantial competition in the procurement of milk for intrastate and interstate uses, and of an overlapping of the Cleveland milk-shed with the regulated milk-sheds of other cities are unsupported factually or are immaterial legally.

The Court does not find it necessary to make a finding on all these matters, for the conceded fact that a substantial amount of milk involved in the Order moves in interstate commerce is sufficient in itself to sustain the validity of Order No. 75.

■ It was fairly early made clear that the Federal Government might regulate intrastate commerce if necessary to make effective its regulation of interstate commerce. Houston, E. & W. T. Ry. Co. v. U. S., 234 U.S. 342, 34 S.Ct. 833, 58 L.Ed. 1341. Plaintiffs ask the Court to superimpose on this a test of comparative percentages. If the local activity (whether or not traditionally described as "commerce") sought to be regulated substantially affects interstate commerce then it is subject to regulation by the Federal Government. Mandeville Island Farms v. American Crystal Sugar Company, 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328; Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122; U. S. v. Wrightwood Dairy Co., supra; U. S. v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. The plaintiffs ask the Court to rule that the activity must not only affect interstate commerce, it must affect a relatively large percentage of interstate commerce.

■ The contention is untenable. The test is not a comparison of the amounts of intrastate milk and interstate milk. The test is whether the amount of interstate milk sought to be regulated is substantial rather than inconsequential. The maxim "de minimis" urged by the plaintiffs may be applicable in some cases, but not here. One-half of one per cent may be a small figure where comparison is involved, but the annual shipment of 2,303,910 pounds of milk represented thereby is not a "de minimis" situation.

Judicial authority has not been receptive to determining constitutional questions on

a percentage basis. See Mabee v. White Plains Publishing Co., Inc., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; Connecticut Light & Power Co. v. Federal Power Commission, 324 U.S. 515, 65 S.Ct. 749, 89 L.Ed. 1150; N. L. R. B. v. Fainblatt, 306 U.S. 601, 59 S.Ct. 668, 83 L.Ed. 1014. Especially note Beatrice Creamery Co. v. Anderson, D.C., 75 F.Supp. 363, where a similar order was under attack. This is but another illustration of the return of constitutional doctrine to the early view of Chief Justice Marshall who " * * * described the federal commerce power with a breadth never yet exceeded. Gibbons v. Ogden, 9 Wheat. 1, 194–195, 6 L.Ed. 23. He made emphatic the embracing and penetrating nature of this power by warning that effective restraints on its exercise must proceed from political rather than from judicial processes." Wickard v. Filburn, 317 U.S. 111, 120, 63 S.Ct. 82, 87, 87 L.Ed. 122. This view has even greater force in a modern, highly complex industrial society where every activity inevitably makes itself felt throughout the entire structure.

This Court finds that Order No. 75 is a valid exercise of authority under a valid statute. The order of the Judicial Officer so finding is in accordance with law.